No. 23-30666

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF LOUISIANA; AMERICAN PETROLEUM INSTITUTE; CHEVRON USA INC.,

                              Plaintiffs-Appellees,

v.

DEB HAALAND, in her official capacity as Secretary of the Interior; LAURA DANIEL-DAVIS, in her official capacity as Principal Deputy Assistant Secretary of the Interior for Lands and Minerals Management, ELIZABETH KLEIN, in her official capacity as Director of the Bureau of Ocean Energy Management; JAMES KENDALL, in his official capacity as Regional Director of Bureau of Ocean Energy Management Gulf of Mexico Office; U.S. DEPARTMENT OF THE INTERIOR; and BUREAU OF OCEAN ENERGY MANAGEMENT,

                              Defendants-Appellants,

SIERRA CLUB; CENTER FOR BIOLOGICAL DIVERSITY; FRIENDS OF THE EARTH; TURTLE ISLAND RESTORATION NETWORK,

                              Intervenors-Appellants.

SHELL OFFSHORE, INC.,

                              Plaintiff-Appellee,

v.

U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT; DEB HAALAND, in her official capacity as Secretary of the Interior; LAURA DANIEL-DAVIS, in her official capacity as Principal Deputy Assistant Secretary of the Interior for Lands and Minerals Management, ELIZABETH KLEIN, in her official capacity as Director of the Bureau of Ocean Energy Management; JAMES KENDALL, in his official capacity as Director of the Gulf of Mexico Regional Office of the Bureau of Ocean Energy Management,

                              Defendants-Appellants,

SIERRA CLUB; CENTER FOR BIOLOGICAL DIVERSITY; FRIENDS OF THE EARTH; TURTLE ISLAND RESTORATION NETWORK,

                              Intervenors-Appellants.

---

Appeal from the United States District Court for the Western District of Louisiana, Nos. 2:23-cv-1157 (lead); 2:23-cv-1167 (member), consolidated (Hon. James D. Cain)

---

### REPLY BRIEF OF FEDERAL DEFENDANTS-APPELLANTS

|  |  |
|---|---|
|  | TODD KIM |
|  | *Assistant Attorney General* |
|  | ANDREW M. BERNIE |
|  | MICHELLE MELTON |
|  | *Attorneys* |
|  | Environment & Natural Resources |
| MELISSA HEARNE | Division |
| *Assistant Solicitor* | U.S. Department of Justice |
| Department of the Interior | 950 Pennsylvania Avenue NW |
|  | Washington, DC 20530 |
|  | 202-532-3251 |
|  | Michelle.melton@usdoj.gov |

As explained in the Department of the Interior's opening brief, holding a modified Lease Sale on November 8, 2023, allows Interior to comply with the Outer Continental Shelf Lands Act's 30-day notice provision and avoids the serious fairness and administrative problems that would have resulted from the September 30 sale date ordered by the district court. No party argues that, if the Court affirms the substance of the injunction, the Court should alter the relief awarded by the motions panel giving the Bureau of Ocean Energy Management (BOEM) until November 8 to hold the modified Lease Sale 261 in accordance with the district court's order. Thus, if this Court affirms the substance of the injunction requiring BOEM to hold a modified Lease Sale 261, the Court should follow the motions panel in allowing BOEM until November 8 to hold that modified sale.

Interior also explained in its opening brief that, if the Court vacates, reverses, or modifies the injunction, BOEM should not be required to hold Lease Sale 261 until at least 37 days after this Court's decision. Plaintiffs take issue with Interior's position, arguing that the request is "premature and unwarranted." Resp. 57.

Plaintiffs are incorrect that the request is "premature." To be sure, Interior's request is *contingent*; if this Court affirms the substance of the injunction, the Court would not need to address this issue. But if, at Intervenors' request, the Court vacates, reverses, or modifies the injunction, Interior needs to know immediately

1

whether it remains bound by the motion panel's order or whether it has additional time to hold Lease Sale 261.

Contrary to Plaintiffs' contention, it is irrelevant that Interior has not asserted its preferred sale terms in the event of a favorable ruling for Intervenors. To be sure, Interior has not taken a position about the precise terms of a sale it would hold, should the Court afford Intervenors relief. But that is because any decision would necessarily be informed by the scope and contours of this Court's decision. It is incorrect to infer, as Plaintiffs repeatedly do, that Interior's litigation decisions signal its agreement with the district court's decision.[1]

Plaintiffs are likewise mistaken that Interior's conditional request for additional time is "unwarranted." Resp. 58. As Interior has repeatedly explained, it has a legal obligation to provide 30-days' notice to the public and interested bidders of the terms of any lease sale. 43 U.S.C. § 1337(*l*); 30 C.F.R. § 556.308(a). Pursuant

---

[1] The United States' decision not to appeal an adverse district court decision (or, as in this case, to pursue a limited appeal) does not signify its position on the correctness of that decision. *See U.S. v. Mendoza*, 464 U.S. 154, 161-62 (1984) ("Unlike a private litigant who generally does not forego an appeal if he believes he can prevail, the Solicitor General considers a variety of factors, such as the limited resources of the government and the crowded dockets of the courts, before authorizing appeal.").

Plaintiffs' inference is particularly inappropriate in this case. Interior noticed Lease Sale 261 in its August Final Notice of Sale on the terms the agency preferred. It defended those terms before the district court when Plaintiffs filed their motions for a preliminary injunction. And Interior expressed, both in its emergency motion and its opening brief, that it does not agree with the district court's order that the proposed sale was unlawful or that an injunction was available or warranted.

to agency regulations, that notice is provided in the Federal Register and in other publications, as appropriate. 30 C.F.R. § 556.308(a).

Plaintiffs fail to address the reasons Interior provided as to why it would need additional time. Instead, they assert that "BOEM does not explain why any other changes could not be noticed online, just as BOEM notified potential bidders following the District Court's decision before the motions panel extended the sale date to November 8." Resp. Br. 58.

As an initial matter, the *location* of the notice does not speak to the *length* of the notice. Plaintiffs offer no explanation why BOEM should notice its provision for less than 30 days (including 7 days to get a notice into the Federal Register).

But in any event, the thrust of Plaintiffs' contention is that a brief, online notice would be adequate. Interior disagrees. To be sure, following the district court's order, which would have left BOEM with a mere six business days to hold the sale, BOEM did provide notice of the changes to the sale online. But that does not mean that, as a legal matter, such notice would satisfy BOEM's obligations or facilitate a fair sale. As Interior has consistently reiterated, its position is that it is obligated to comply with the law (which requires 30 days' notice in the Federal Register and other sources). Without this notice, BOEM is not complying with its legal obligations. Moreover, without such notice, BOEM cannot guarantee that all bidders are on equal footing and that the sale itself is fair.

3

In conclusion, if the Court affirms the substance of the injunction, it should not disturb the motions panel's order giving BOEM until November 8 to hold a fair and lawful sale. If the Court agrees with Intervenors in whole or in part, however, the Court should in no event require Interior to hold Lease Sale 261 prior to 37 days from the Court's order.[2]

---

[2] Plaintiffs' response brief also incorrectly characterizes Interior as agreeing to accept all bids received for Lease Sale 261. Resp. Br. 48. Interior's point was that Louisiana incurs no harm (much less irreparable harm) from a delayed Lease Sale 261, as Louisiana will be in the same position on November 8 that it would be with respect to a sale on the district court's timeline.

Interior's statement does not commit the agency to accepting every bid received. Nor could it. The Outer Continental Shelf Lands Act and its implementing regulations require BOEM to review all bids *after* they are received to ensure, among other things, that bids reflect fair market value. 43 U.S.C. § 1344(a)(4); 30 C.F.R. § 556.501. Interior is also obligated to provide the Attorney General, in consultation with the Federal Trade Commission, 30 days to review all bids received for antitrust concerns. *See* 43 U.S.C. § 1337(c); 30 C.F.R. § 556.516(e). Plaintiffs' suggestion that Interior has pre-committed to accepting all bids before it has seen bids or conducted the statutorily prescribed processes is false.

Respectfully submitted,

s/ *Michelle Melton*
TODD KIM
*Assistant Attorney General*
ANDREW M. BERNIE
MICHELLE MELTON
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
(202) 532-3251
Michelle.melton@usdoj.gov

October 18, 2023
DJ# 90-1-18-17251

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2023, I electronically filed the foregoing Appellants' Opening Brief with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

s/ *Michelle Melton*
MICHELLE MELTON

Counsel for Federal Defendants-Appellants

## CERTIFICATE OF COMPLIANCE

I hereby certify:

1. This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Rule 32(f), this document contains 1,069 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

s/ *Michelle Melton*
MICHELLE MELTON

Counsel for Federal Defendants-Appellants