Clement & Murphy
PLLC

November 7, 2023

**Via CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

  Re: *Louisiana v. Haaland*, No. 23-30666

Dear Mr. Cayce:

  Appellees submit this letter in response to the Government's letter informing the Court that the Bureau of Ocean Energy Management (BOEM) has now postponed Lease Sale 261 indefinitely because it "cannot be certain of which areas or stipulations may be included in the sale notice" "[u]ntil the court rules." Gov't Ltr. 3. That development underscores the enormous costs of ignoring statutory deadlines and the pressing need for a final decision in this appeal as expeditiously as possible. The Inflation Reduction Act (IRA) states that Lease Sale 261 "shall" occur "not later than September 30, 2023." §50264(e), Pub. L. No. 117-169, 136 Stat. 1818 (Aug. 16, 2022). BOEM secured a 39-day delay to that congressionally mandated sale date (*i.e.*, until November 8) by waiting to the last minute to include the unlawful challenged provisions—the vessel-restriction stipulation and the acreage removal—in the August 2023 Final Notice of Sale and then claiming that bidders needed more time to know the metes and bounds of the sale.

  Now, BOEM has helped itself to an indefinite pause, presumably to be followed by a plea for another 37-day delay if this Court does not affirm. *See* Gov't Opening Br. 4, 31; Gov't Reply Br. 4. That indefinite pause to Lease Sale 261 is plainly irreconcilable with the text and purpose of the IRA, which Congress enacted after President Biden improperly sought to "pause" further oil-and-gas lease sales, including Lease Sale 261. Appellees Br. 6-8. Congress' will that Lease Sale 261 occur "not later than" September 30, 2023 has already been thwarted. The Government should not be allowed to frustrate Congress' commands further or put Appellees in the impossible position of being able to vindicate their rights only at the cost of further delay and further disregard of Congress' intent. Appellees therefore respectfully request that the Court resolve this appeal as soon as possible after oral argument.

Mr. Lyle W. Cayce
Clerk of Court
November 7, 2023
Page 2 of 2

Respectfully submitted,

/s/ Paul D. Clement
Paul D. Clement
Andrew Lawrence*
James Y. Xi*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
andrew.lawrence@clementmurphy.com
james.xi@clementrmurphy.com

*Supervised by principals of the firm who are members of the Virginia Bar

*Counsel for Plaintiff American Petroleum Institute*

/s/ Mark W. Mosier
Steven J. Rosenbaum
Mark W. Mosier
Bradley K. Ervin
COVINGTON & BURLING LLP
850 Tenth Street, N.W.
Washington, D.C. 20001
(202) 662-6000
srosenbaum@cov.com

*Counsel for Plaintiff Shell Offshore Inc.*

/s/ Elizabeth B. Murrill
Jeff Landry
　*Attorney General of Louisiana*
Elizabeth B. Murrill
　*Solicitor General*
Joseph S. St. John
　*Deputy Solicitor General*
Jordan B. Redmon
　*Assistant Solicitor General*
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, LA 70804
(225) 485-2458
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
redmonj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

/s/ Catherine E. Stetson
Catherine E. Stetson
Sean Marotta
Dana A. Raphael
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
(202) 637-5491
cate.stetson@hoganlovells.com
sean.marotta@hoganlovells.com
dana.raphael@hoganlovells.com

Sarah C. Bordelon
HOLLAND & HART LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511
(775) 327-3011
scbordelon@hollandhart.com

*Counsel for Plaintiff Chevron U.S.A. Inc.*

cc:　　All counsel of record (*via CM/ECF*)