# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2023

Lyle W. Cayce
Clerk

———————

No. 23-30666

———————

STATE OF LOUISIANA; AMERICAN PETROLEUM INSTITUTE;
CHEVRON USA, INCORPORATED,

*Plaintiffs—Appellees,*

*versus*

DEB HAALAND, *in her official capacity as Principal Deputy Assistant Secretary of the Interior for Land & Minerals Management*; LAURA DANIEL-DAVIS, *in her official capacity as Principal Deputy Assistant Secretary of the Interior for Land & Minerals Management*; ELIZABETH KLEIN, *in her official capacity as Director of Bureau of Ocean Energy Management*; JAMES KENDALL, *in his official capacity as Regional Director of Bureau of Ocean Energy Management Gulf of Mexico Office*; UNITED STATES DEPARTMENT OF INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION and ENFORCEMENT,

*Defendants—Appellants,*

SIERRA CLUB; CENTER FOR BIOLOGICAL DIVERSITY; FRIENDS OF THE EARTH; TURTLE ISLAND RESTORATION NETWORK,

*Intervenors—Appellants,*

————————————————————

SHELL OFFSHORE, INCORPORATED

*Plaintiff—Appellee,*

*versus*

UNITED STATES DEPARTMENT OF INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION and ENFORCEMENT; DEB HAALAND, *in her official capacity as Secretary of the Interior*; LAURA DANIEL-DAVIS, *in her official capacity as Principal Deputy Assistant Secretary of the Interior for Land and Minerals Management*; ELIZABETH KLEIN, *in her official capacity as Director of the Bureau of Ocean Energy Management*; JAMES KENDALL, *in his official capacity as Director of the Gulf of Mexico Regional Office of the Bureau of Ocean Energy Management*,

*Defendants—Appellants*,

SIERRA CLUB; CENTER FOR BIOLOGICAL DIVERSITY; FRIENDS OF THE EARTH; TURTLE ISLAND RESTORATION NETWORK,

*Intervenors—Appellants*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 2:23-CV-1157, 2:23-CV-1167

---

Before CLEMENT, HAYNES, and OLDHAM, *Circuit Judges*.

EDITH BROWN CLEMENT, *Circuit Judge*:

Four environmental organizations that intervened below challenge the district court's preliminary injunction. But the intervenors lack standing to appeal. We therefore DISMISS the intervenors' appeal and AMEND the preliminary injunction to require that the lease sale at issue be conducted within thirty-seven days hereof.

## I.

The Inflation Reduction Act ("IRA") requires the federal government to hold a specific oil-and-gas lease sale ("Lease Sale 261"),

covering territory in the northwest and north-central Gulf of Mexico, by September 30, 2023, in accordance with a particular administrative record of decision. A month before that deadline, however, the bureau in the Department of the Interior charged with conducting the sale—the Bureau of Ocean Energy and Management ("BOEM")—abruptly changed the sale terms, removing six million acres from the lease and imposing new limits on vessels that pass through the to-be-leased area. BOEM's sole basis for adding the new terms was a study concluding that oil-and-gas activities in the Gulf pose a survival risk to the Rice's whale, an endangered species.

Plaintiffs—the State of Louisiana, the American Petroleum Institute, Chevron USA, Inc., and Shell Offshore, Inc.—sued BOEM and other federal entities and officials, arguing that BOEM's implementation of the new terms was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). Plaintiffs also argued that BOEM violated the IRA by implementing terms not in accordance with the relevant record of decision and further violated the APA by failing to adequately consult affected States concerning the new terms. Plaintiffs moved for a preliminary injunction, which the district court granted on September 21, 2023, setting aside the challenged provisions as unlawful and ordering BOEM to hold the lease sale before the September 30, 2023, statutory deadline.

BOEM sought expedited appeal and moved to stay the injunction. A motions panel granted a limited extension of the lease-sale deadline until November 8, 2023, subject to future revision by the merits panel. The merits panel stayed the preliminary injunction pending its decision on the merits. On appeal, BOEM does not challenge the injunction, instead asking only for enough time to comply with it—namely, thirty-seven days, in order to publish notice of the sale in the Federal Register. Only the four environmental organizations that intervened below ("Intervenors") challenge the preliminary injunction on appeal.

No. 23-30666

## II.

"[T]o appeal a decision that the primary party does not challenge, an intervenor must independently demonstrate standing." *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019). Because BOEM does not challenge the district court's injunction, requesting only enough time to comply with it, Intervenors must independently demonstrate standing.

Article III standing has three essential elements: (i) the plaintiff must have suffered an injury in fact—*i.e.*, an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (ii) there must be a causal connection between the injury and the conduct complained of; and (iii) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (2001) (internal quotation marks and citations omitted). A threatened future injury must be "certainly impending" to constitute an injury in fact, and a "theory of standing[] which relies on a highly attenuated chain of possibilities[] does not satisfy the [certainly-impending] requirement." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013).

Here, the causal chain of events necessary to support Intervenors' theory of standing is so attenuated that the alleged harm is not "certainly impending." Namely, for the complained-of conduct (the oil-and-gas activities that will allegedly occur after Lease Sale 261, absent the challenged provisions) to result in the alleged injury (an Intervenor's member's diminished recreational or aesthetic interests resulting from the death of at least one Rice's whale), the following chain of events needs to occur.

*First*, areas inhabited by the Rice's whale that are offered as part of Lease Sale 261 must receive at least one bid. It is not clear that anyone, let alone a Plaintiff here, will even bid on a block within Lease Sale 261 that overlaps with the Rice's whale habitat—after all, Lease Sale 259 received

bids on only 1–2% of the auctioned blocks. *Second*, the winning bidder would need to commence oil-and-gas activities in the leased area, which takes time and is subject to additional environmental regulation. *Third*, at least one whale would need to traverse the area in which oil-and-gas activities are occurring under Lease Sale 261 and be killed by such activities. But in four separate environmental reviews over the last seven years, BOEM concluded that additional protections for the Rice's whales are unnecessary outside of their "core" habitat in the eastern Gulf—an area unrelated to Lease Sale 261 that has long been protected from oil-and-gas leasing. For instance, BOEM concluded that that there were no "justifiable reasons to restrict the lease sale area" by "exclud[ing] blocks from leasing in . . . the 100-400m isobath in the western and central Gulf" and that existing lease stipulations "provide adequate environmental protection," as "the potential for vessel strikes" remains "extremely unlikely." And *fourth*, at least one member of an Intervenor organization would need to go sight-seeing in the Rice's whale's habitat with intent to see the Rice's whale after its population is diminished—events the dates of which remain unknown.

This sequence of events represents the sort of "highly attenuated chain of possibilities" that *Clapper* and progeny have rejected as insufficient to show injury in fact. *See Clapper*, 568 U.S. at 410. Additionally, Intervenors have failed to show that their alleged injury is likely to be redressed by a favorable decision here. *See Lujan*, 504 U.S. at 561. Because Intervenors have failed to show that their alleged injury is "certainly impending" or likely to be redressed by a favorable decision here, Intervenors lack standing to independently prosecute this appeal. Intervenors' appeal is therefore DISMISSED.

As for BOEM's limited appeal as to the timing of the sale, we hereby AMEND the district court's preliminary injunction only to the extent that the deadline for conducting Lease Sale 261 shall now be thirty-seven days

No. 23-30666

from the date of the issuance of the mandate in this appeal. The Clerk is DIRECTED to issue the mandate forthwith.